IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JOSEPH MICHAEL WILSON, #230202,  )
  )
      Petitioner,  )
  )
v.  )     CIVIL CASE NO. 3:04-CV-1157-WKW
  )             [WO]
  )
WARDEN GILES, et al.,  )
  )
      Respondents.  )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Joseph Michael Wilson ["Wilson"], a state inmate, on November 21, 2004.  In this petition, Wilson challenges two convictions for first degree theft of property by deception imposed upon him by the Circuit Court of Tallapoosa County, Alabama on October 15, 2003.  The trial court sentenced Wilson to twenty years imprisonment on the aforementioned convictions.  Wilson did not appeal these convictions nor did he file any state post-conviction petition challenging such convictions.

In the instant federal habeas petition, as amended, Wilson raises the following claims for relief:

      1.      Trial counsel provided ineffective assistance as counsel (i) "had become a chronic drug addict ... [and] was judgement impaired through the entire course of trial," (ii) advised petitioner to plead guilty, and (iii) refused to appeal petitioner's

convictions;

2.     Law enforcement officials improperly seized property from petitioner;

3.     The district attorney threatened petitioner and his wife;

4.     The trial court failed to grant pre-trial discovery requests;

5.     The district attorney withheld evidence;

6.     Petitioner is actually innocent of first degree theft of property because his actions did not constitute criminal offenses.

7.     Alabama law which defines theft by deception in terms of false impression ignoring the specific language contained in written contracts but permitting "puffing" is unconstitutional as it is vague and conclusory.

8.     The trial judge had a conflict of interest.

9.     All actions taken against petitioner resulted from a criminal conspiracy.

10.    The State initiated criminal charges against the petitioner due to his religion.[1]

*Petition for Habeas Corpus Relief - Court Doc. No. 1* at 6-7; *Amendment to Petition - Court Doc. No. 12* at 7; *Amendment to Petition - Court Doc. No. 24* at 1-2, 10; *Amendment to Petition - Court Doc. No. 25* at 2-5.

---

[1] Wilson identifies himself as a Wiccan.

The respondents filed answers pursuant to the orders of this court in which they contend that Wilson's claims for relief "are precluded under the doctrine of procedural default" as Wilson failed to present his claims to the state courts in accordance with the state's procedural rules. *Respondents' October 12, 2005 Answer - Court Doc. No. 9* at 2; *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845 (1999); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990).   In support of their procedural default argument, the respondents maintain that "Wilson did not appeal his convictions, nor has he filed any post-conviction challenge in the state courts raising [the] grounds [now presented to this court]." *Respondents' October 12, 2005 Answer - Court Doc. No. 9* at 4; *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d

880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).   Thus, Wilson's substantive claims challenging the seizure of property, threats by the district attorney, the withholding of seized evidence sought through discovery, the definition of theft by deception, the trial judge's conflict of interest, the conspiracy among state officials and the initiation of criminal charges are defaulted because Wilson did not raise these claims on direct appeal.   With respect to any claims of ineffective assistance of counsel presented by Wilson, including those set forth as cause for the default of his substantive claims, such claims are similarly barred from review by this court due to Wilson's failure to file a state post-conviction petition challenging the assistance provided by counsel.   *Respondents' August 31, 2006 Supplemental Answer* at 2-3; *Murray v. Carrier*, 477 U.S. 478 (1986) (ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance claim itself has been independently and properly raised); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim).   Finally, the respondents argue that Wilson has failed to meet the requisite burden of proof on his actual innocence claim as he has presented no new, reliable evidence not available to him at the time of trial demonstrating his factual innocence.   *Respondents' August 31, 2006 Supplemental Answer - Court Doc. No. 19* at 3-5.

The court entered orders advising Wilson of his procedural defaults and allowing him several opportunities to file responses addressing his defaults.  *Order of October 26, 2005 - Court Doc. No. 11*; *Order of September 6, 2006 - Court Doc. No. 20*; and *Order of March 7, 2007 - Court Doc. No. 34.*  In his responses to the aforementioned orders, Wilson does not challenge the conclusion that he is procedurally defaulted on his claims, with the exception of the discovery claim; rather, he asserts that this court should ignore his procedural defaults and address the merits of his claims because (1) he "had no counsel to help" prepare a state collateral proceeding; (2) "inmate law clerks ... gave incorrect advice" to petitioner causing him to file an inappropriate federal civil action challenging his convictions; (3) he lacked adequate knowledge of legal procedures; (4) the State failed to provide him access to the physical evidence submitted at his trial and denied him requested discovery prior to trial; (5) counsel provided ineffective assistance at trial and refused to file a direct appeal; and (6) he is factually innocent of theft by deception.  *Petitioner's September 12, 2006 Response - Court Doc. No. 22* at 3 and 7.  With respect to the denial of discovery claim, Wilson asserts that in June of 2003 he filed a petition for writ of mandamus with the Alabama Supreme Court in which he sought to compel discovery in the trial court and argues that this action exhausted his state court remedies on such claim.

In response to Wilson's assertion of exhaustion on the discovery claim, the respondents acknowledge that Wilson did file a petition for writ of mandamus in the Alabama Court of Criminal Appeals on June 11, 2003 seeking the return of all items taken

during the search of his home.  *Respondents' Exhibit A to the March 29, 2007 Response*.

The Alabama Court of Criminal Appeals summarily denied Wilson's petition for writ of

mandamus on June 20, 2003.  *Respondents' Exhibit B to the March 29, 2007 Response*.

Wilson did not seek further review of this petition in the state courts.  *Respondents' Exhibit

D to the March 29, 2007 Response*.  The respondents, however, argue that the presentation

of a petition for writ of mandamus to the Alabama Court of Criminal Appeals did not

exhaust Wilson's state remedies on his discovery claim as proceeding on such writ in the

appellate court did not deprive Wilson of the right to raise the claim on direct appeal.  In

support of this argument, the respondents maintain that because Wilson's case failed to

present an exceptional one a petition for writ of mandamus did not provide an appropriate

avenue of relief and, instead, direct appeal constituted an adequate and available remedy.

State law substantiates this argument.

> Mandamus is an extraordinary remedy and will be granted only where
> there is "(1) a clear legal right in the petitioner to the order sought; (2) an
> imperative duty upon the respondent to perform, accompanied by a refusal
> to do so; (3) the lack of another adequate remedy; and (4) properly invoked
> jurisdiction of the court." *Ex parte Alfab, Inc.,* 586 So.2d 889, 891 (Ala.
> 1991).  This Court will not issue the writ of mandamus where the petitioner
> has " 'full and adequate relief' " by appeal. *State v. Cobb,* 288 Ala. 675, 678,
> 264 So.2d 523, 526 (1972) (quoting *State v. Williams,* 69 Ala. 311, 316 (1881)).
> Discovery matters are within the trial court's sound discretion, and
> this Court will not reverse a trial court's ruling on a discovery issue unless
> the trial court has clearly exceeded its discretion. *Home Ins. Co. v. Rice,* 585
> So.2d 859, 862 (Ala. 1991).  Accordingly, mandamus will issue to reverse
> a trial court's ruling on a discovery issue only (1) where there is a showing
> that the trial court clearly exceeded its discretion, and (2) where the
> aggrieved party does not have an adequate remedy by ordinary appeal.  The

petitioner has an affirmative burden to prove the existence of each of these conditions.

        Generally, an appeal of a discovery order is an adequate remedy, notwithstanding the fact that that procedure may delay an appellate court's review of a petitioner's grievance or impose on the petitioner additional expense; our judicial system cannot afford immediate mandamus review of every discovery order.  *See Walker v. Packer,* 827 S.W.2d 833, 842 (Tex. 1992) ("Mandamus disrupts the trial proceedings, forcing the parties to address in an appellate court issues that otherwise might have been resolved as discovery progressed and the evidence was developed at trial.").  In certain exceptional cases, however, review by appeal of a discovery order may be inadequate, for example, (a) when a privilege is disregarded, *see Ex parte Miltope Corp.,* 823 So.2d 640, 644-45 (Ala. 2001) ("If a trial court orders the discovery of trade secrets and such are disclosed, the party resisting discovery will have no adequate remedy on appeal."); (b) when a discovery order compels the production of patently irrelevant or duplicative documents, such as to clearly constitute harassment or impose a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party, *see, e.g., Ex parte Compass,* 686 So.2d 1135, 1138 (Ala. 1996) (request for "every customer file for every variable annuity" including annuity products the plaintiff did not purchase); (c) when the trial court either imposes sanctions effectively precluding a decision on the merits or denies discovery going to a party's entire action or defense so that, in either event, the outcome has been all but determined, and the petitioner would be merely going through the motions of a trial to obtain an appeal; or (d) when the trial court impermissibly prevents the petitioner from making a record on the discovery issue so that the appellate court cannot review the effect of the trial court's alleged error.  The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case-that is, one in which an appeal is not an adequate remedy.  *See Ex parte Consolidated Publ'g Co.,* 601 So.2d 423, 426 (Ala. 1992).

*Ex parte Ocwen Federal Bank, FSB*, 872 So.2d 810, 813 -814 (Ala. 2003).

        Upon review of the § 2254 petition, the answers of the respondents, the responses of the petitioner and the undisputed record in this case, the court concludes that no evidentiary hearing is required and that the petition, as amended, is due to be denied in

accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## DISCUSSION

The claims presented by Wilson in his petition for habeas corpus relief are procedurally defaulted as Wilson failed to present these claims to the state courts in accordance with the State's applicable procedural rules. *O'Sullivan*, 526 U.S. at 844-845; *Henderson*, 353 F.3d at 891; *Pruitt v. Jones*, 348 F.3d 1355 (11th Cir. 2003). This court may reach the merits of Wilson's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id.*" *Henderson*, 353 F.3d at 892.

### A. Cause and Prejudice

"To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169

8

F.3d 695, 703 (11ᵗʰ Cir.1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11ᵗʰ Cir.2002).

*Henderson*, 353 F.3d at 892.  In an attempt to meet this burden, Wilson complains that counsel provided ineffective assistance and he did not have the assistance of counsel to aid in the preparation of a state post-conviction petition.  Wilson further argues that his reliance on the erroneous advice of inmate law clerks and his lack of legal knowledge constitute cause for his defaults.  Finally, Wilson alleges that the State's failure to provide him with evidence and pre-trial discovery prevented his ability to file his claims in the state court.

As previously determined, Wilson is procedurally defaulted on his claims of ineffective assistance of counsel as he never presented these claims to the state courts. *Teague v. Lane*, 489 U.S. 288 (1989); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11ᵗʰ Cir. 1999).  Ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance claim itself has been independently and properly raised in the state courts. *Murray v. Carrier*, 477 at 489 ("a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); *Hill v. Jones*, 81 F.3d 1015, 1030 (11ᵗʰ Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim).  However, Wilson did not challenge counsel's alleged

deficiencies in the state courts. Thus, such claims cannot constitute cause necessary to excuse Wilson's procedural defaults. Moreover, the court finds that none of the allegations of ineffective assistance of counsel in any way justify Wilson's failure to present his claims in a Rule 32 petition.

To the extent Wilson alleges a lack of post-conviction counsel as cause for his failure to file a state collateral action, this claim likewise entitles him to no relief. The law is well settled that there is no federal constitutional right to counsel in state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 556-557 (1987); *Arthur v. Allen*, 452 F.3d 1234, 1249 (11th Cir. 2006), *modified on reh'g*, 459 F.3d 1310 (11th Cir. 2006); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003); *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993); *Presnell v. Zant,* 959 F.2d 1524, 1532 n. 6 (11th Cir. 1992). Consequently, the lack of representation during state collateral proceedings cannot establish "cause" for a procedural default. "Since [the petitioner] had no sixth amendment right to counsel, he bears the burden of his failure to act in compliance with [the state's procedural rules]." *McCoy v. Newsome*, 953 F.2d 1252, 1259 (11th Cir. 1992).

With respect to Wilson's reliance on the erroneous advice of inmate law clerks and his lack of legal knowledge as cause, these claims also provide no basis for relief from applicable procedural bars. A petitioner's reliance on the assistance and erroneous advice of an inmate clerk fails to establish extraordinary circumstances necessary to excuse a procedural default. *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498

U.S. 834 (1990) (poor advice from inmate law clerks during collateral proceedings will not establish petitioner's claim of cause for a procedural default as there is no right to legal counsel in such proceedings); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law."). Furthermore, ignorance of the law fails to establish cause for a procedural default. *Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990); *Smith v. Newsome*, 876 F.2d 1461 (11th Cir. 1989); *Spencer v. Kemp*, 781 F.2d 1458, 1462 (11th Cir. 1986); *see also Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling."); *Marsh*, 223 F.3d at 1220 ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.' *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)."); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (equitable relief from procedural bar not justified by fact that petitioner did not understand the law).

Wilson next argues that his defaults should be excused because he did not have access to discovery prior to trial and the State failed to provide him with the evidence and materials seized from his home. The record in this case establishes that Wilson participated in all critical stages of his prosecution. He therefore had either actual or constructive knowledge of the factual basis for each claim challenging the constitutionality

11

of his convictions and could have presented such claims to the state courts, either at trial or on direct appeal, without access to the physical evidence obtained during the search of his home. Additionally, Wilson provides exhaustive details regarding the alleged exculpatory evidence seized by law enforcement officials and withheld by the district attorney. The court further notes that Wilson thoroughly and meticulously presents his claims to this court without access to the items taken during the search of his home. Thus, there is no "objective factor external to the defense that prevented [Wilson] from raising the claim[s] and which cannot be fairly attributable to his own conduct." *Murray*, 477 U.S. at 488. In light of the fact that Wilson raised the claims in pleadings while proceeding *pro se* in this court, it is clear that such claims are not issues which are "intrinsically beyond [a] *pro se* petitioner's ability to present." *Harmon*, 894 F.2d at 1275.

Based on the foregoing, the court concludes that Wilson has failed to demonstrate either cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of Wilson's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

### B. Fundamental Miscarriage of Justice

The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Innocence is not an independent claim; instead, it is the

"gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 496; *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Id.* at 623-624.

 *Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 324.

 Wilson argues that he is factually innocent because the bills of sale he utilized indicate that the automobiles were sold "as is" and he had no duty to "relieve a false impression about 'how much cost was involved in restoring an antique car'...." *Petitioner's September 12, 2006 Response - Court Doc. No. 22* at 7. Wilson further argues

13

that he should not have been subjected to criminal liability for his actions "because according to Alabama law and federal law governing 'as is' <u>bills of sale</u> - <u>no</u> <u>crime</u> <u>occurred</u> ...." *Id*. at 18.  Throughout his pleadings, Wilson likewise maintains that various items of evidence seized from his home support his defense that he did not deceive anyone during the sales transactions.

Wilson presents only his self-serving, conclusory allegation that his actions did not constitute commission of the offenses for which a duly empaneled jury found him guilty. Moreover, Wilson has submitted no "new reliable evidence" to support his assertion of innocence nor has he suggested that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*.  Consequently, Wilson's procedurally defaulted claims are foreclosed from federal habeas review.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Joseph Michael Wilson be denied and that this case be dismissed with prejudice.  It is further

ORDERED that on or before April 16, 2007 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of April, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL
UNITED STATES MAGISTRATE JUDGE